## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

KYLE THOMAS,                      )
                                  )
            Petitioner,           )
                                  )
      vs.                         )      Case No.    CIV-13-23-W
                                  )
CHAD MILLER, Warden,              )
                                  )
            Respondent.           )


## REPORT AND RECOMMENDATION

Petitioner, a state prisoner appearing pro se, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241. The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B) and (C). The following motions are before the court: Respondent's Motion to Dismiss (ECF 8), Petitioner's Motion to "rename and modify his original Habeas Corpus petition to [one] of a 42 U.S.C. §1983 variety" (ECF 10), and Petitioner's Motion to Withdraw his habeas petition without prejudice (ECF 11). For the reasons set forth below, it is recommended that Petitioner's motion to amend his petition to one brought pursuant to 42 U.S.C. §1983 be **DENIED** without prejudice. It is further recommended that Petitioner's motion to dismiss his habeas petition without prejudice be **GRANTED**. Finally, it is recommended that Respondent's Motion to Dismiss be **DENIED** as moot.

## ANALYSIS

Petitioner challenges a prison disciplinary action that resulted in his losing earned

credits. But Petitioner's attempt to amend his petition to a complaint asserting civil rights claims under § 1983 is premature. Such a complaint would simply result in dismissal pursuant to *Heck v. Humphrey*, 512 U.S. 477,486-487 (1994) and *Edwards v. Balisock*, 520 U.S. 641, 648 (1997).

In *Heck v. Humphrey*, the Supreme Court held that, to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254. *Heck v. Humphrey*, 512 U.S. at 486–87 (footnote omitted). In *Edwards v. Balisock,* the Supreme Court held that the principles set forth in *Heck* are applicable to § 1983 suits premised on alleged violations of prison disciplinary procedures. *Edwards v. Balisock* at 648.

In this case, Petitioner has acknowledged that he has not exhausted his administrative and state court remedies. Because the prison disciplinary action taken against Petitioner has not been invalidated, an award of damages under § 1983 would necessarily implicate the invalidity of the prison disciplinary action and the resulting loss of earned credits—a result clearly prohibited by *Heck* and *Balisock* . Any § 1983 claims based on the prison disciplinary procedure are, therefore, premature under the dictates of *Heck* and *Balisock* and are not, therefore, cognizable in this court at this time.

2

## RECOMMENDATION

It is recommended that the Petitioner's motion to amend his petition to state a claim under 42 U.S.C. § 1983 (ECF 10) be **DENIED without prejudice.**  It is further recommended that Petitioner's motion to dismiss his habeas petition without prejudice (ECF 11) be **GRANTED**. Finally, it is recommended that Respondent's motion to dismiss (ECF 8) be **DENIED** as moot.

## NOTICE OF RIGHT TO OBJECT

The parties are advised of their right to file an objection to this Report and Recommendation with the Clerk of this Court by **April 8, 2013**, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. The parties are further advised that failure to make timely objection to this Report and Recommendation waives the right to appellate review of both factual and legal issues contained herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

## STATUS OF REFFERAL

This Report and Recommendation **disposes of all issues referred** to the undersigned Magistrate Judge in the captioned matter.

**ENTERED** on March 21, 2013.

_____
SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE

3